IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW SWINT, | : | |
|       Petitioner, | : | |
| | : | |
| v. | : | Civ. No. 14-6584 |
| | : | |
| THE ATTORNEY GENERAL FOR | : | |
| THE STATE OF _____, et al., | : | |
|       Respondents. | : | |

# O R D E R

On November 14, 2014, state prisoner Matthew Swint sought habeas relief, alleging his fourteen-and-one-half to twenty-nine year sentence exceeds the statutory maximum sentence set forth in the guilty plea statement he signed. (Doc. No. 1); 28 U.S.C. § 2254. He did not raise this issue on direct appeal or in a state collateral proceeding. (Doc. No. 1 at 6-7.) I referred his Petition (which he signed on September 17, 2014) to Magistrate Judge Perkin, who recommended denying relief because the Petition was time-barred. (Doc. Nos. 4, 11.)

No objections to the Report and Recommendation have been made. (Doc. No. 13.) Accordingly, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; see also Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (the district court must "afford some level of review" when no objections have been made). Having reviewed the Report, I see no clear errors. Because Petitioner's judgment became final on April 23, 2008, and he did not set forth any grounds for statutory or equitable tolling, AEDPA's one-year limitations period expired on April 24, 2009—over four years after

1

Petitioner signed his Petition on September 17, 2014.  See 28 U.S.C. § 2244(d)(1) (one-year limitations period); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1997) ("[H]abeas petition is deemed filed at the moment [a petitioner] delivers it to prison officials for mailing to the district court.").  Moreover, Petitioner acknowledges he never raised the instant claim in state court, either on direct review or in a collateral proceeding.  See Tome v. Stickman, 167 F. App'x 320, 322 (3d Cir. 2006) ("A state prisoner must exhaust his state court remedies before a federal court may grant him habeas relief." (quoting Lambert v. Blackwell, 387 F.3d 210, 231 (3d Cir. 2004))).

**AND NOW**, this 10th day of April, 2015, it is hereby **ORDERED** that:

1. The Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DENIED**;

2. The Magistrate Judge's Report and Recommendation (Doc. No. 11) is **APPROVED AND ADOPTED**; and

3. Because Petitioner has not made a substantial showing of the denial of a constitutional right, there are no grounds on which to issue a certificate of appealability.

**IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.